

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 06, 2025.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-52382-CAG |
| WILLIAM FRANKLIN JOHNSON | § | |
| Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| BRYANT BANK | § | |
|     Plaintiff, | § | |
| v. | § | ADV. NO. 24-05038-CAG |
| | § | |
| PAMELA ANTONETTE JACKSON, | § | |
| AS THE INDEPENDENT EXECUTOR | § | |
| OF THE PROBATE ESTATE OF | § | |
| WILLIAM FRANKLIN JOHNSON | § | |
|     Defendant. | § | |

### ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 45)[1]

Came to be considered Defendant Pamela Antonette Jackson's ("Defendant") Motion for Partial Summary Judgment (ECF No. 45), Plaintiff Bryant Bank's ("Plaintiff") Response to Defendant's Motion for Partial Summary Judgment (ECF No. 49), and Defendant's Reply to

---

[1] "ECF No." refers to the electronic case file docket number.

1

Plaintiff's Response (ECF No. 55). The Court denies Defendant's Motion. Defendant has failed to show she is entitled to summary judgment regarding Plaintiff's claim for attorney's fees.

<u>JURISDICTION</u>

This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(I). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for relief is Fed. R. Civ. P. 56, made applicable to this proceeding through Fed. R. Bankr. P. 7056. This case is referred to this Court by the Standing Order by Reference entered in this District. All parties consent to the Court's entry of final orders and final judgment. (ECF Nos. 11, 14).

<u>BACKGROUND</u>

On January 11, 2010, before the filing of the underlying bankruptcy, Plaintiff made a term loan to JCI Building Materials—Alabama Division, LLC ("JCI-AL"). The term loan was renewed and extended multiple times, with the final renewal and extension being on August 10, 2011, for $242,282.41. (ECF No. 36, Ex. A). Also on January 11, 2010, William Franklin Johnson ("Debtor") executed a guaranty ("Guaranty") that guaranteed Plaintiff's loans, current and future, to JCI-AL. (ECF No. 36, Ex. B). On September 9, 2010, Debtor executed a note for a revolving loan, which was extended and renewed for the final time on June 24, 2011, in the amount of $200,000. (ECF No. 36, Ex. C). JCI-AL defaulted on both loans. Plaintiff sued Debtor to collect on the loans. Plaintiff obtained a judgment against Debtor in Madison County ("Madison County Judgment") in the amount of $517,400.54 plus post-judgment interest on November 29, 2012. (ECF No. 49, Ex. B). Thereafter, Plaintiff obtained two other state court judgments related to the

loans. (ECF No. 49, Ex. D, E). In October 2016, Debtor filed for Chapter 7 bankruptcy. On January 20, 2017, Debtor obtained a discharge of $550,000 owed to Plaintiff in judgment claims.

On June 6, 2024, Plaintiff filed this adversary proceeding against Defendant to obtain a declaratory judgment establishing that the judgment claims against Debtor were not discharged. In Plaintiff's original complaint, Plaintiff requested attorney's fees and expenses for the proceeding. (ECF No. 1 at 21). Plaintiff provided no explanation for why it was entitled to attorney's fees. (*Id.*). Defendant filed a Motion to Dismiss, in part, the original complaint. (ECF No. 6). After conducting a hearing on the matter, the Court entered an order dismissing Plaintiff's claim for attorney's fees and expenses without prejudice to refiling the same. (ECF No. 16). The order granted Plaintiff leave to file an amended complaint within fourteen days to replead its request for attorney's fees. (*Id.*). Plaintiff filed an amended complaint. (ECF No. 17). Plaintiff amended its complaint a second time ("Second Amended Complaint") for reasons unrelated to this Motion. (ECF No. 36). On July 11, 2025, Defendant filed this Motion regarding Plaintiff's request for an award of attorney's fees and expenses. (ECF No. 45).

<u>PARTIES' CONTENTIONS</u>

In Plaintiff's Second Amended Complaint, Plaintiff argues it is entitled to attorney's fees and other legal expenses because the Guaranty provides for post-judgment attorney's fees on actions related to the enforcement of the Guaranty. (ECF No. 36 at 22–24). In Defendant's Motion, Defendant argues (1) no statute provides for attorney's fees; (2) the Guaranty does not provide for attorney's fees; and (3) even if the Guaranty provided for attorney's fees, it was merged into the judgment, which now defines Plaintiff's rights. (ECF No. 45 at 8–13). In Plaintiff's Response, it argues that an exception to the doctrine of merger applies as new facts arose after the judgments. (ECF No. 49 at 4–10). In Defendant's Reply, Defendant argues the exception to doctrine of merger

is not supported by Texas law. Defendant also asserts that Plaintiff should not be entitled to attorney's fees as it did not include the loan agreements, which the Guaranty refers to, in Plaintiff's summary judgment evidence.

<u>LEGAL STANDARD</u>

Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56 into adversary proceedings. Rule 56 provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must first show there is no genuine issue of material fact. ***Little v. Liquid Air Corp.***, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). Upon such a showing, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." ***Id.*** For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). The court must review all facts in the light most favorable to the nonmoving party. ***First Colony Life Ins. Co. v. Sanford***, 555 F.3d 177, 181 (5th Cir. 2009).

<u>DISCUSSION</u>

**I.     Plaintiff may recover attorney's fees and related expenses under the Guaranty in prosecuting this § 523 action if Plaintiff prevails.**

The Court finds no genuine dispute of material fact and examines whether Defendant is entitled to judgment as a matter of law. Based on the Court's analysis, Plaintiff may recover attorney's fees and related expenses under the Guaranty in prosecuting this § 523 action if Plaintiff

prevails.[2] The Bankruptcy Code does not reference whether attorney's fees are recoverable when a creditor succeeds in a non-dischargeability lawsuit against a debtor. But in federal court, the "American Rule" controls, and each party generally bears its own costs for attorney's fees. *ASARCO, L.L.C. v. Baker Botts, L.L.P. (In re ASARCO, L.L.C.)*, 751 F.3d 291, 301 (5th Cir. 2014), *aff'd*, 576 U.S. 121 (2015). To prevail on a claim for attorney's fees, a party must have a contractual basis, statutory basis, or special circumstances. *Id.* This rule applies to bankruptcy litigation. *Tackett v. McCracken (In re McCracken)*, Ch. 7 Case No. 03-44802, Adv. No. 14-4100, 2015 WL 1402888, at *12 (Bankr. E.D. Tex. Mar. 24, 2015); *see also Cadle Co. v. Martinez (In re Martinez)*, 416 F.3d 1286, 1288 (11th Cir. 2005) ("Generally, in federal litigation, including bankruptcy litigation, a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties.").

In *Schwertner Backhoe Serv. Inc. v. Kirk* (*In re Kirk)*, the court addressed the issue of recovery of attorney's fees in prosecuting § 523 actions and found: "Attorney's fees incurred in prosecuting a section 523 action can be recovered and declared nondischargeable if the fees are (1) allowed by statute or contract and (2) arise from or on account of the conduct that resulted in a nondischargeable debt." 525 B.R. 325, 330 (Bankr. W.D. Tex. 2015); *see also In re Zito*, 604 B.R. 388 (B.A.P. 9th Cir. 2019) (finding prevailing party in a § 523(a)(3) action to be entitled to attorney's fees and costs based on a guaranty). The Court applies this test here.[3]

---

[2] Unless otherwise stated, all statute references are to Title 11, 11 U.S.C. _ et seq.

[3] This Court has previously held that absent a contract or statute, a party may not recover attorney's fees for litigating a dischargeability action under 11 U.S.C. § 523. *Guse v. Carter (In re Carter)*, Ch. 7 Case No. 21-51531, Adv. No. 22-05041, 2024 WL 2123648, at *5-6 (Bankr. W.D. Tex. May 10, 2024); *Key Equip. Fin. v. Cyr (In re Cyr)*, Ch. 7 Case No. 18-50102, Adv. No. 19-05008, 2020 WL 3119068, at *3 (Bankr. W.D. Tex. June 11, 2020).

A. *The Guaranty allows for the recovery of attorney's fees and legal expenses in this § 523 action.*

The Guaranty allows for the recovery of attorney's fees and legal expenses in this § 523 action. The Court will first examine the controlling law governing the Guaranty and then will explain why the Guaranty allows for the recovery of attorney's fees and legal expenses.

1. *Choice of Law*

In determining the applicable law governing the Guaranty, the Court must first determine which choice of law rules govern. A federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state in which it sits. ***Klaxon Co. v. Stentor Elec. Mfg. Co.***, 313 U.S. 487 (1941). This Court, however, has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). Therefore, the Court has federal question jurisdiction, not diversity jurisdiction. Neither the Supreme Court nor the Fifth Circuit has addressed the question of what choice of law rules bankruptcy courts should apply in such cases. ***Woods-Tucker Leasing Corp. of Georgia v. Hutcheson-Ingram Dev. Co.***, 642 F.2d 744, 748 (5th Cir. 1981); ***Reed v. Carecentric Nat'l, LLC (In re Soporex, Inc.)***, 446 B.R. 750, 761 (Bankr. N.D. Tex. 2011). Other bankruptcy courts, however, have applied forum state choice-of-law rules when resolving issues that do not implicate federal policy. ***Wilmington Savings Fund Soc'y v. iHeartCommunications, Inc. (In re iHeartMedia, Inc.)***, 597 B.R. 339, 350 (Bankr. S.D. Tex. 2019); ***Arrowhead Cap. Fin., Ltd. v. Royal Alice Props., LLC (In re Royal Alice Props., LLC)***, 619 B.R. 839, 855 (Bankr. E.D. La. 2020). Here, the issue is whether the Guaranty provides a contractual basis for the allowance

of attorney's fees and legal expenses. Issues of contract law are a matter of state law. Accordingly, the Court will apply the choice of law rules of Texas.

"In Texas, contractual choice-of-law provisions are typically enforced." ***Smith v. EMC Corp.***, 393 F.3d 590, 597 (5th Cir. 2004). But such provisions are not enforced if "the law of the chosen state violates a fundamental public policy of Texas." ***Id.*** Here, the Guaranty has a choice-of-law provision, which states the Guaranty will "be governed by the laws of the State in which it is executed." (ECF No. 36, Ex. B ¶ 13). The Guaranty was executed in Alabama. (*See id.*). Therefore, Alabama law governs the Guaranty, unless it violates fundamental public policy of Texas. The Texas Supreme Court has not defined "fundamental public policy." ***DeSantis v. Wackenhut Corp.***, 793 S.W.2d 670, 680 (Tex. 1990). The law of another forum does not violate fundamental public policy merely because it would lead to a different result. ***Id.*** Rather, state policy must be so fundamental that "the state will refuse to enforce an agreement contrary to the law despite the parties' original intentions, and even though the agreement would be enforceable in another state connected with the transaction." ***Id.***

The Court finds the application of Alabama law would not violate fundamental public policy of Texas and therefore applies Alabama law with regard to the Guaranty. Alabama law allows the recovery of attorney's fees when provided for in the contract. ***Subway Rest., Inc. v. Madison Square Assocs., Ltd. by CBL Wyoming, Inc.***, 613 So. 2d 1255, 1257 (Ala. 1993). This

is not contrary to Texas policy, as Texas law provides the same.[4] *See **Intercontinental Grp. P'ship v. KB Home Lone Star L.P.***, 295 S.W.3d 650, 653 (Tex. 2009).

> 2. *The Guaranty allows for the recovery of attorney's fees and legal expenses in this § 523 action.*

The Guaranty allows for the recovery of attorney's fees and legal expenses in prosecuting this § 523 action. The Guaranty states in part:

> 4. The liability of the Undersigned hereunder shall be limited to a principal amount of $ UNLIMITED . . . , plus accrued interest thereon and all other costs, fees, and expenses agreed to be paid under all agreements evidencing the Indebtedness and securing the payment of the Indebtedness, and all attorneys' fees, collection costs and enforcement expenses referable thereto. . . .
>
> 5. The Undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by Lender in connection with the protection, defense or enforcement of this guaranty in any litigation or bankruptcy or insolvency proceedings.

(ECF No. 36, Ex. B ¶¶ 4–5). First, if Plaintiff prevails, the attorney's fees and legal expenses Plaintiff incurs are a part of "all attorneys' fees, collection costs and enforcement expenses" contemplated in the Guaranty. (*Id.* ¶ 4). Plaintiff alleges that Debtor wrongfully had his debt discharged by providing no notice to Plaintiff about the 2016 bankruptcy. Plaintiff can no longer attempt to collect the debt because of this discharge. Plaintiff is therefore bringing an action for a

---

[4] Defendant argues Texas law does not allow the recovery of attorney's fees where the Plaintiff is bringing a separate action to enforce a judgment, citing ***Henry v. Ins. Co. of N. Am.***, 879 S.W.2d 366 (Tex. App.—Houston [14th Dist.] 1994). First, Alabama law applies here, not Texas law. Second, Defendant misapplies this case. In ***Henry***, the court held in part that "attorney fees are not recoverable by the garnishor in a garnishment action." *Id.* at 369. The court reasoned that garnishment is an enforcement action, not a cause of action based on a contract. *Id.* at 368–69. This adversary proceeding seeks a declaratory judgment, which is neither an enforcement suit nor akin to a garnishment action. Therefore, ***Henry*** does not apply in this case. Other courts have also found an underlying guaranty to allow for attorney's fees in § 523 actions. *See **NextGear Cap., Inc. v. Rifai (In re Rifai)***, 604 B.R. 277, 334 (Bankr. S.D. Tex. 2019) (finding that the guaranty made "Debtor also liable for the Plaintiff's reasonable attorney's fees and expenses" incurred in prosecuting a § 523 adversarial proceeding); ***Trustmark Nat'l Bank v. Tegeler (In re Tegeler)***, 586 B.R. 598, 705 (Bankr. S.D. Tex. 2018) (finding "a contractual basis for awarding attorney's fees" in guaranties in a § 523 action).

declaratory judgment that establishes Debtor's debts to Plaintiff were not discharged in the 2016 bankruptcy case. If such a declaratory judgment is made, Plaintiff would be able to enforce and collect the judgments without violating law. Therefore, the legal expenses incurred during this adversary proceeding are a part of "all attorneys' fees, collection costs and enforcement expenses" contemplated for in the Guaranty. (*Id.*).

Second, notwithstanding that paragraph four of the Guaranty provides independent grounds for awarding attorney's fees, paragraph five of the Guaranty also provides such grounds. This adversary proceeding is "in connection with the protection, defense or enforcement" of the Guaranty. (*Id.* ¶ 5). The reasoning is similar as above. Plaintiff can no longer attempt to collect the debt, or in other words effectively enforce the Guaranty, because of this discharge. Thus, Plaintiff is bringing an action for a declaratory judgment that establishes Debtor's debts to Plaintiff were not discharged in the 2016 bankruptcy case. If such a declaratory judgment is made, Plaintiff will be able to enforce the judgments and give effect to the Guaranty, without violating law. Therefore, this adversary proceeding is "in connection with the protection, defense, or enforcement" of the Guaranty, and the Guaranty allows for awarding Plaintiff attorney's fees and legal expenses. *See Synovus Bank v. The Vessel ACCU V*, No. 11-0116, 2012 WL 4434745, at *2 (S.D. Ala. Sept. 25, 2012) (finding where guaranty provided that guarantor "will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by Lender in connection with the protection, defense or enforcement of this Guaranty in any litigation or

bankruptcy or insolvency proceedings[,]" guarantor "clearly agreed" to pay attorney's fees for plaintiff's enforcement and collection efforts).

### B. The attorney's fees arise from or are on account of the conduct that resulted in a nondischargeable debt.

The attorney's fees arise from or are on account of the conduct that resulted in a nondischargeable debt. Based on Plaintiff's allegations, Debtor obtained a wrongful discharge of debt he owed to Plaintiff. Plaintiff is bringing this action to obtain a declaration that the debt was not discharged. But for Debtor's alleged conduct, Plaintiff would not be bringing this action. Therefore, if Plaintiff were to prevail, Plaintiff's attorney's fees and legal expenses incurred in this adversary proceeding arises from or are on account of the conduct that resulted in a nondischargeable debt. Accordingly, the Court finds the Guaranty allows for the recovery of attorney's fees and legal expenses in this § 523 action.

### C. The doctrine of merger does not preclude the recovery of attorney's fees and legal expenses.

The doctrine of merger does not preclude the recovery of attorney's fees and legal expenses. Defendant argues, "Plaintiff cannot add attorneys' fees to its claim founded upon the guaranty because that claim has already been adjudicated to judgment." (ECF No. 45 ¶ 22). Defendant reasons, "When plaintiff obtains judgment on a contract, the plaintiffs' rights are merged into the judgment and the judgment creditor's rights are thereafter defined by the judgment itself." (*Id.* (citing *Evans v. Frost Nat'l Bank*, No. 05-12-01491-CV, 2015 WL 4736543, at *9–10 (Tex. App.—Dallas Aug. 11, 2015)). Defendant's conclusion is incorrect.

Alabama law applies here as the Madison County Judgment, the judgment the doctrine of merger would apply to, was obtained in Alabama state court.[5] (*See* ECF No. 36, Ex. B). In determining choice of law issues, Texas courts generally apply the "most significant relationship" test outlined in sections 6 and 145 of the Restatement (Second) of Conflict, absent a choice of law provision. *See **Hughes Wood Prods., Inc. v. Wagner***, 18 S.W.3d 202, 205 (Tex. 2000); ***Grant Thornton LLP v. Suntrust Bank***, 133 S.W.3d 342, 358 (Tex. App.—Dallas 2004, pet. denied). But when other sections of the Restatement are applicable to specific circumstances, Texas courts must apply them. ***Grant Thornton***, 133 S.W.3d at 358. Here, because the judgment was rendered in Alabama state court, Alabama law applies in determining whether the attorney's fees provisions were merged into the judgment. *See* Restatement (Second) of Conflict of Laws § 95 cmt. c. (1971) ("The local law of the State where the judgment was rendered determines the effect of the judgment upon the original claim or cause of action.").

The doctrine of merger is a form of res judicata. *See **McCorkel v. McElwey***, 576 So.2d 202, 205 (Ala. 1991) (explaining merger and res judicata); *see also **In re Graves***, 555 B.R. 603, 607 (Bankr. W.D. Tex. 2016) ("The doctrine of merger is a specific application of res judicata, and operates with the same principles."). Merger doctrine provides that "[a] valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment." ***McCorkel***, 576 So.2d at 205. Under Alabama law, it is unclear whether this means contractual obligations for attorney's fees are also merged into the judgment when a claim under the contract is merged into the judgment. *Contra **Evans***, 2015 WL 4736543, at *3 (finding when the judgment "became final, the guaranty, including its attorney's fees provision, merged into the judgment and ceased to exist."). Alabama law does not answer the question of whether contractual

---

[5] The Madison County Judgment is notably the overwhelming majority of the judgment debt.

provisions providing for *post-judgment* attorney's fees are merged into the judgment, as this Court answered under Texas law in ***Graves***. 555 B.R. at 609–10 (finding Texas law would likely provide an exception to merger doctrine where "(1) new facts have arisen that could not have been previously litigated and (2) the language contained in the note indicates an intent that post-judgment attorney's fees survive the judgment."). This Court finds that even if Alabama law were interpreted to merge an attorney's fees provision into a final judgment, the exception for post-judgment attorney's fees outlined in ***Graves*** would be supported by Alabama law.

In ***Graves***, the Court found Texas law would support an exception to Texas merger doctrine for post-judgment attorney's fees primarily for three reasons. "First, the Texas Supreme Court . . . held that an action based on facts that develop after the prior action is not barred by res judicata*."* ***Id.*** at 607. "Second, the Texas Supreme Court . . . held that separate terms of a continuing contract can be breached and sued upon separately, even after a previous judgment on the contract." ***Id.*** at 608. "Third, the Texas Supreme Court . . . said that, generally, res judicata only applies to claims that, 'through the exercise of diligence, could have been litigated in a prior suit.'" ***Id.*** at 609 (quoting ***Barr v. Resol. Trust Corp. ex rel. Sunbelt Fed. Sav.***, 837 S.W.2d 627, 628 (Tex. 1992)). The Court concluded, "Taken together, Texas law appears to support an exception to the merger doctrine at least where (1) new facts arise after the judgment and (2) the contract clearly evinces the intent of the contracting parties that obligations continue after judgment." ***Id.*** This reasoning applies to Alabama law as well.

First, the Alabama Supreme Court held, "The rules of claim preclusion or res judicata are not applicable to events which occur after a prior proceeding." ***Phenix-Girard Bank v. Cobb***, 416 So.2d 748, 749 (Ala. 1982). This indicates an exception to res judicata where an action is based on new facts. Second, Section 6-5-280 of the Alabama Civil Code provides:

> If a contract is entire, only one action can be commenced for breach thereof; but if it is severable or if the breaches occur at successive periods in an entire contract, as where money is to be paid by installments, an action will lie for each breach; provided, that all the breaches occurring up to the commencement of the action must be included therein.

Ala. Code § 6-5-280 (2024); *see also **Liddel v. Chidester***, 84 Ala. 508, 511 (1888) (finding "when wages are payable in installments, suits may be brought on the several installments as they mature"). This provision indicates that certain provisions of a contract may be severable and enforceable post-judgment if that is the parties' intent. Third, the Alabama Supreme Court held, "Res judicata will not apply to bar a subsequent action for a remedy that was not available in a prior action." ***Lee L. Saad Const. Co. v. DPF Architects, P.C.***, 851 So.2d 507, 518 (Ala. 2002). This indicates that there is an exception to res judicata where a party seeks a remedy it could not have received in a prior action, such as a declaratory judgment on a wrongful discharge. Therefore, similar to Texas law, Alabama law most likely supports an exception to the merger doctrine where "(1) new facts arise after the judgment and (2) the contract clearly evinces the intent of the contracting parties that obligations continue after judgment."[6] ***Graves***, 555 B.R. at 609–10.

The facts in this case satisfy the ***Graves*** exception to the merger doctrine. First, new facts arose after the judgment. Debtor allegedly obtained a wrongful discharge by providing inadequate notice. This action is brought to negate the discharge as it pertains to the judgment. Plaintiff could not have received this remedy in its prior actions. Therefore, the first element is met. Second, as explained in Section A.2, the language of the Guaranty evinces the intent of the contracting parties that obligations for attorney's fees and legal expenses continue after judgment. The Guaranty

---

[6] Other courts have found that only "a clear intent for contractual obligations to continue post-judgment is sufficient for an exception to the merger doctrine." *See Graves*, 555 B.R. at 609 n. 47 (compiling cases).

language "*all* attorney's fees, collection costs and enforcement expenses" and the language "in connection with the protection, defense or enforcement of this guaranty *in any litigation or bankruptcy or insolvency proceedings*" is particularly demonstrative of the parties' intent that the obligations continue post-judgment. (ECF No. 36, Ex. B ¶¶ 4–5) (emphasis added). The second element is thus also satisfied. Therefore, the doctrine of merger does not preclude the recovery of attorney's fees and legal expenses in this adversarial proceeding.

>    D. *Plaintiff's failure to include the loan agreements related to the Guaranty does not preclude Plaintiff from recovering attorney's fees.*

Plaintiff's failure to include the loan agreements related to the Guaranty does not preclude Plaintiff from recovering attorney's fees. Defendant argues "Plaintiff failed to meet its burden of proof on summary judgment and the Defendant's MPSJ should be granted" because Plaintiff failed to include the loan agreements related to the Guaranty in its summary judgment evidence. (ECF No. 55 ¶ 6). Defendant is correct in that Plaintiff failed to attach important documentation in its response, but it does not preclude Plaintiff from recovering attorney's fees and related expenses if it were to prevail. Rule 56(c)(3) provides, "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court thus may consider other materials in the record such as the loan agreements attached to Plaintiff's Second Amended Complaint. (ECF No. 36, Ex. A, C). Therefore, Plaintiff's failure to include the loan agreements related to the Guaranty does not preclude Plaintiff from recovering attorney's fees.

<u>CONCLUSION</u>

The Guaranty provides a contractual basis for the recovery of attorney's fees and related legal expenses. The attorney's fees arise from Debtor's alleged misconduct. The doctrine of merger does not preclude the recovery of attorney's fees, and Plaintiff's failure to add the loan agreements to its summary judgment evidence is immaterial.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is **DENIED**.

# # #